UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOAQUIN MARTORELL, on behalf of himself
and all others similarly-situated,

                              Plaintiff,

           -against-

ALL COUNTY SEWER & DRAIN, INC. and
DANIEL MCNALLY, individually,

                             Defendants.
----------------------------------------------------------------X

Case No.:

**COMPLAINT**

Plaintiff, on behalf of himself and all others similarly situated, by his attorneys, Bell Law Group, PLLC, as and for his Complaint against ALL COUNTY SEWER & DRAIN, INC. ("Company") and DANIEL MCNALLY, individually ("McNally"), (referred to collectively herein as "Defendants"), respectfully alleges upon knowledge as to himself and upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

1. This action is brought by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), on behalf of himself, and all others similarly situated, to seek redress against Defendants for systematic failure by Defendants to provide the required overtimes wages, as well as for the failure to provide accurate wage statements and wage theft prevention act notification in violation of the FLSA and NYLL.

2. Plaintiff worked for Defendants - - a sewage and drain maintenance and repair company and its day-to-day overseer - - as a non-exempt employee from March 2014 through November 29, 2019. During his employment, Defendants required Plaintiff to work, and Plaintiff indeed did work, at least forty hours per week while being paid according to an hourly rate only

1

for those hours worked each week up to forty. Thus, Defendants failed to pay Plaintiff at a rate of one and one half his regular hourly rate for hours worked in a week over forty in violation of the FLSA and the NYLL. Moreover, Plaintiff did not receive wage theft prevent act notification at the time of hiring and did not receive wage payments statements each week in violation of the NYLL.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

4. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## PARTIES

6. At all relevant times, Plaintiff was and still is a resident of the County of New York, State of New York.

7. At all relevant times, Plaintiff has been a covered employee within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*.

8. At all relevant times, Defendant was and still is a domestic business corporation organized and existing under and by virtue of the laws of the State of New York.

9. At all relevant times, Defendant Company was and still is authorized to transact

business in the State of New York.

10. At all relevant times, Defendant Company was and still is transacting business within the State of New York and maintains a facility and principal place of business at 7 Greenfield Drive in Warwick, New York 10990.  Defendants have registered this address with the State of New York to receive service of process.

11. Defendant McNally was and still is a resident of the State of New York.

12. Throughout Plaintiff's employment with the Company and up until the date of this Complaint, Defendant McNally was and still is in active control and management of the Defendant Company, regulates the employment of persons employed by Defendant Company, acted directly and indirectly in the interest of Defendant Company in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

13. At all relevant times, Defendants have been covered employers within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*. and employed Plaintiff.  Additionally, Plaintiff was engaged in interstate commerce while working for Defendants as a substantial part of his work was involved with, or related to, the movement of persons or things between states since he performed work after traveling from New York - - where he lived and where Defendant All County was formed, has its principal place of business, and is authorized to do business - - to job sites outside of New York, such as in New Jersey, while using equipment that also traveled across state lines.

### PLAINTIFF'S FACTUAL ALLEGATIONS

14. Defendants - - the operator of a sewer and drainage maintenance and repair business and its day-to-day overseer - - operate the facility located at 7 Greenfield Drive in Warwick, New York 10990.

15. Plaintiff was hired by Defendants as a non-managerial and non-exempt employee or "helper" in 2014 and worked in that role until November 29, 2019. In this role, Plaintiff assisted in clearing and repairing of sewage and draining pipe systems.

16. Throughout Plaintiff's employment, Defendant McNally oversaw the day-to-day operations of Defendant Company's business and was responsible for all personnel decisions regarding the employees working for Defendant Company.

17. For the duration of Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, Monday through Friday, starting each day at 8:00 a.m. until either 5:00 p.m. or 6:00 p.m.

18. In addition, throughout Plaintiff's employment, Defendants required Plaintiff to be on-call and ready to engage in work one weekend each month.

19. Upon Plaintiff's hire, he was paid according to an hourly rate of $12 per hour for hours worked each week up to forty. Throughout his employment, he was periodically given raises to his hourly rate - - ending in his highest rate of $16 per hour at the end of his employment.

20. However, throughout his employment, Defendants failed to pay Plaintiff at any rate of pay, let alone a rate of one- and one-half times his regular rate, for the hours he worked over forty in a week, including the on-call hours in which he was engaged to work one weekend each month.

21. Defendants paid Plaintiff on a weekly basis by check.

22. Plaintiff was entitled to be paid at least one and one-half times the minimum wage rate and/or the regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

23. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours

per workweek and was entitled to receive overtime wages.

24. At no time was Plaintiff paid overtime wages of one and one-half times the minimum wage rate and/or the regular hourly work rate of pay for any hours that Plaintiff worked in excess of forty (40) per workweek in violation of the FLSA and NYLL.

25. At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to NYLL 195(1).

26. At all relevant times, Plaintiff was entitled to accurate wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to NYLL 195(3).

27. Plaintiff was not provided a wage theft prevention act notification at the time of hiring, nor was he provided wage statement on each payday while working for Defendants.

28. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

29. Defendants' violations of the FLSA and the NYLL are willful since their employees' have previously made complaints about these violations, but no corrective action was taken.

30. Each hour that Plaintiff worked was for Defendants' benefit.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

32. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

33. Plaintiff brings the FLSA claims on behalf of themselves and others similarly situated, namely employees of Defendants who worked as shipping coordinators and/or any non-exempt positions for the period of time dating back six years from the filing date of this Complaint until the date of final judgment in this matter, and who were not paid overtime wages for hours worked in excess of forty (40) hours per week and who do not opt out of this action (hereinafter referred to as the "Martorell Collective").

34. Upon information and belief, the Martorell Collective consists of at least one additional individual who is similarly situated to Plaintiff having not been paid overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

35. Defendants may have failed to pay overtime to employees other than those in Martorell Collective, and Plaintiff reserves the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

36. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

37. Those similarly situated potential collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

38. Plaintiff and members of the Martorell Collective defined above have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the

FLSA and NYLL by denying them pay, including minimum wage, overtime wages, and failing to provide them with wage payment statements and hiring wage rate notifications.

39. As part of its ongoing business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the Martorell Collective by violating the FLSA and/or the NYLL.

40. Defendants have substantially benefitted and profited from the work that Plaintiff and Martorell Collective have performed.

41. Defendants failed to keep any records of the hours worked by the Plaintiff and the Martorell Collective.

42. Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

43. Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

44. Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiff and the Martorell Collective.

### AS AND FOR THE FIRST CAUSE OF ACTION
*Unpaid overtime wages owed pursuant to the FLSA*

45. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

46. At all relevant times, Plaintiff and the Martorell Collective were "employees" of the Defendants within the meaning of 29 U.S.C. § 203(e).

47. At all relevant times, Defendants were "employers" and employed Plaintiff and the Martorell Collective within the meaning of 29 U.S.C. § 203(g).

48. At all relevant times, Plaintiff and the Martorell Collective have been engaged in interstate commerce while working for Defendants and this subjects Defendants to the requirements of the FLSA.

49. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

50. Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

51. Plaintiff and the Martorell Collective were entitled to be paid one and one-half Plaintiff's or the Martorell Collective's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

52. Defendants required Plaintiff and the Martorell Collective to work more than forty (40) hours a week, and Plaintiff and the Martorell Collective regularly worked more than forty (40) hours a week throughout their employment.

53. At no time during their employment have Plaintiff and the Martorell Collective been paid by Defendants at a rate of one and one-half times the minimum wage rate and/or Plaintiff and the Martorell Collective's hourly rate of pay for all of the hours Plaintiff and the Martorell Collective worked in excess of forty (40) hours per week.

54. Defendants willfully, knowingly, and intentionally did not compensate Plaintiff and the Martorell Collective for overtime at a rate of one and one-half times Plaintiff and the Martorell Collective's hourly rate of pay for all of the hours Plaintiff and the Martorell Collective worked in excess of forty (40) hours per week.

55.     As a result of Defendants' violations of the law and failures to pay Plaintiff and the Martorell Collective required regular and overtime wages, Plaintiff and the Martorell Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

56.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Martorell Collective was in compliance with the law, Plaintiff and the Martorell Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

57.     Members of the Martorell Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consents to Join this action pursuant to 29 U.S.C. § 216(b).

### **AS AND FOR THE SECOND CAUSE OF ACTION**
*Unpaid overtime wages owed pursuant to the NYLL*

58.     Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

59.     At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of the NYLL.

60.     At all relevant times, Defendants were "employers" and employed Plaintiff within the meaning of the NYLL.

61.     At all relevant times, Defendants was subject to the overtime wage requirements set forth in Article 19 of the NYLL.

62.     Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

63. Plaintiff was entitled to be paid one and one-half times his regular rate for any hours worked in excess of forty (40) in any workweek.

64. Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff worked more than forty (40) hours a week throughout his employment.

65. At no time have Defendants paid Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all of the hours worked in excess of forty (40) hours per week.

66. Defendants willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

67. As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

68. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

**AS AND FOR THE THIRD CAUSE OF ACTION**
*Wage Statements Violation under NYLL § 195(3)*

69. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

70. At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of the NYLL.

71. At all relevant times, Defendants were "employers" and employed Plaintiff within the meaning of the NYLL.

72. Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

73. Defendants failed to furnish accurate wage statements to Plaintiff in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of his full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

74. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

75. As Defendants failed to provide proper wage payment statements under NYLL 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs, and interest.

### AS AND FOR THE FOURTH CAUSE OF ACTION
*Wage Theft Prevention Act Notification Violation under NYLL § 195(1)*

76. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

77. At all relevant times, Plaintiff was an "employee" of the Defendants within the meaning of the NYLL.

78. At all relevant times, Defendants were "employers" and employed Plaintiff within the meaning of the NYLL.

79. NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

80. Defendants failed to furnish such a statement to Plaintiff in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

81. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

82. As Defendants failed to provide Plaintiff with a proper notice under NYLL 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs, and interest.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated persons, seek the following relief:

A. That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Martorell Collective. Such notice shall inform the Martorell Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B. On the First Cause of Action on behalf of Plaintiff and Martorell Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum; and

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

**PLEASE SEE NEXT PAGE**

C. Such other and further relief as is just and proper.

Dated: Garden City, New York
December 6, 2021

>Respectfully submitted,
>
>BELL LAW GROUP, PLLC
>
>By: */s/ Frank J. Tantone*
>Frank J. Tantone, Esq.
>*Attorneys for Plaintiff*
>100 Quentin Roosevelt Boulevard, Suite 208
>Garden City, New York 11530
>(516) 280-3008
>ft@Belllg.com