UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOAQUIN MARTORELL, on behalf of
himself and all others similarly-situated,

          Plaintiff,

-against-

ALL COUNTY SEWER & DRAIN, INC.
and DANIEL MCNALLY, individually,

          Defendants.
----------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/2022

Civ. No.: 7:21-cv-10396 (NSR)

## NEGOTIATED SETTLEMENT AGREEMENT

  WHEREAS, Plaintiff Joaquin Martorell and Defendants, All County Sewer & Drain, Inc. and Daniel McNally, individually, (collectively "Defendants") desire to resolve, settle and agree to the dismissal with prejudice of all claims and all issues raised in or by Plaintiff's Complaint without further litigation or adjudication;

  WHEREAS, Plaintiff and Defendants understand and agree that Defendants (which includes any present or former parent corporation[s], co-employers, subsidiaries, divisions, affiliated entities, acquiring entities, purchasers of assets or stock, investors, joint ventures, shareholders, successors, counsel, reinsurers, insurers, assigns, administrators, executors, officers, partners, board members, directors, agents, representatives or employees thereof, collectively referred to throughout this Agreement as "Defendants" unless otherwise provided herein) denies each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, and in any other document or statement whatsoever;

  WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Negotiated Settlement Agreement (hereinafter referred to as the "Agreement"), nor

anything contained herein, shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state, or local statute, law, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, policies, practices or procedures or of any other wrongdoing whatsoever; and,

WHEREAS, this action shall be dismissed in its entirety and with prejudice subject to the terms of Plaintiff's and Defendants' stipulation:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

**1. Plaintiff's Commitments**: In exchange for the promises made by Defendant in Paragraph "2" below, Plaintiff agrees as follows:

A. Execution of Documents:

(I) Plaintiff will execute, or cause to be executed by his attorneys, all documents and all supplemental, further or modifying documents, including, but not limited to the Stipulation of Final Dismissal with Prejudice, needed to settle, dismiss and withdraw with prejudice the captioned action filed in the United States District Court, Southern District of New York, Case No. 7:21-cv-10396 (NSR) (referred to herein as the "Lawsuit").

(II) Plaintiff shall cause to be executed by his attorneys a Stipulation of Final Dismissal with Prejudice attached hereto as Exhibit "A." Based upon such documents, the Stipulation of Final Dismissal with Prejudice shall be entered herein upon notice to the Court by Plaintiff that the Settlement Amount has been received in full, or in any other proceeding upon presentation hereof by Defendants or by any other entity to any court of competent jurisdiction, agency, arbitration or other forum upon any claim made by, relating to or on behalf of Plaintiff.

2

(III) Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Defendants in any court, agency or other forum other than the Lawsuit, and a claim filed with the New York City Comptroller's Office, with Labor Law File No. 20160701 (the "DOL Claim"). In the event that, for any reason, any complaint, suit, action, charge, claim or proceeding relative to any allegation or cause of action alleged in the Lawsuit or the DOL Claim is not wholly or finally dismissed, Plaintiff shall authorize his attorneys of record herein to immediately take all actions needed to obtain dismissal thereof and to provide proof of any such dismissal to Defendant's legal counsel; Plaintiff shall not obtain or accept any recovery or relief from any such proceeding other than this Lawsuit and the DOL Claim; and Plaintiff shall reimburse Defendants for the legal fees and costs incurred in defending any action or proceeding caused or permitted by Plaintiff to be brought on or before the effective date of this Agreement (other than with respect to the instant action and the DOL Claim).

B. **Release of FLSA & NYLL Claims:**

(I) In consideration for Thirty-Five Thousand Dollars and Zero Cents ($35,000.00), to be paid in the form described in Paragraph 2 herein, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any allegation or causes of action arising under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") as set forth in the Complaint in the Lawsuit, or any other FLSA or NYLL claim that Plaintiff could have against the Defendants, notwithstanding that Plaintiff does not release and/or discharge Defendants from the allegations and causes of action contained in the DOL Claim in this action and remains entitled to receive monies from the DOL Claim as well, which DOL settlement with the New York City Comptroller's Notice of Filing dated April 22, 2022 and Stipulation of Settlement Plaintiff agrees with and Plaintiff will execute the Release of Prevailing Wage (or

3

Living Wage) Claim forwarded to him by the City of New York Office of the Comptroller by correspondence dated April 21, 2022, and shall waive any right to appeal therefrom and release Defendants from the DOL claim by execution of the Release of Prevailing Wage (or Living Wage) Claim sent to Plaintiff by the Office of the Comptroller of the City of New York.

(II) Except to enforce the terms of this Agreement, Plaintiff shall not institute, be represented in, participate in or permit to be submitted or filed on Plaintiff's behalf any claim arising from the allegations in the Lawsuit prior to the execution of this Agreement whatsoever, whether in an individual, class or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants except for the DOL Claim. In the event any other or future class or collective action has been or is brought against Defendants that includes or may include Plaintiff, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery upon learning of Plaintiff's inclusion or will be in breach hereof.

C. <u>Non-Disparagement</u>: Plaintiff agrees that he will not take any action including without limitation the making of any oral or written statement, which damages, disparages, or otherwise diminishes the reputation and/or services of Defendants, or make or solicit any comments, statements or the like to the media or to others that are derogatory or detrimental to them or their name, except as to truthful statements regarding the Lawsuit. Defendants will not take any action which disparages Plaintiff or make or solicit any comments, statements or the like to the media or to others that are derogatory or detrimental to him or his name, except as to truthful statements regarding the Lawsuit, and Plaintiff will not directly or indirectly solicit or refer others to bring actions against the Defendants.

D. <u>Employment Verification</u>: To the extent Plaintiff requires any

4

employment reference or verification, Plaintiff agrees to direct all inquiries to Defendant Daniel McNally. In response to any such inquiries, Mr. McNally or his designee will only provide a neutral reference relating to the dates of Plaintiff's employment and positions held.

E. **By the Defendants.** Upon the filing of the Stipulation of Discontinuance with Prejudice and settlement approval by the court, Defendants release and discharge Plaintiff from all compulsory counterclaims, whether actually asserted or not, related to the Claims in the Court Action.

2. **Consideration:** In exchange for the promises made herein by Plaintiff, including the general and unlimited release of all claims against Defendants as set forth herein, Defendants agrees to pay to Plaintiff the total settlement sum of Thirty-Five Thousand Dollars and No Cents ($35,000.00), referred to as the "Settlement Amount".

A. Defendants will pay the Settlement Amount within twenty-one (21) days of Defendants' counsel's receipt of executed originals of this Agreement that has not been revoked by Plaintiff and Court approval of this settlement, as follows:

(I) The gross sum of Twenty-Three Thousand Three Hundred Thirty-Four Dollars and Fifty Cents ($23,334.50), less applicable taxes, representing payments for any and all alleged monetary or economic damages and any and all liquidated damages, to be forwarded to Plaintiff's attorney, the Bell Law Group, PLLC, c/o Frank J. Tantone, Esq. at 116 Jackson Avenue, Syosset, New York 11791, payable to "Joaquin Martorell." Defendants shall issue Plaintiff an IRS Form W-2 with respect to this payment;

(II) The sum of Eleven Thousand Six Hundred Sixty-Five Dollars and Fifty Cents ($11,665.50), as and for attorneys' fees and costs, payable to the order of the "Bell Law Group, PLLC, as attorneys for Joaquin Martorell " and forwarded to Plaintiff's counsel, c/o

5

Frank J. Tantone, Esq., for which an IRS Form 1099 will be issued to the "Bell Law Group, PLLC," as Plaintiff's counsel. Plaintiff hereby acknowledges that he executed a retainer Agreement with the Bell Law Group, PLLC that requires him to pay the Bell Law Group, PLLC one third (33.33%) of the Settlement Amount in addition to expenses incurred by the Bell Law Group, PLLC.

B. The Settlement Amount is paid as and for consideration for the Plaintiff's releases of claims as set forth in Paragraph 1(B); and,

C. Default. Time is of the essence concerning the Defendants' obligation to pay the Settlement Amount. If the Defendants fail to timely pay the Settlement Amount, then this Agreement shall become null and void having no further effect, as if this Agreement was never created. In such case, the Plaintiff shall have the right to reinstate the lawsuit (7:21-cv-10396 (NSR)) and continue litigation, including the attorney's fees expended in finalizing this Agreement. In the case of a default by Defendants in paying the Settlement Amount, the time for which Defendants may respond to the Complaint would be twenty-one (21) days from the final day on which Defendants could have paid the Settlement Amount pursuant to this Agreement. The time to respond shall be stayed in the interim. The Court shall retain jurisdiction over this matter until the Settlement Amount is paid. The Defendants agree to toll any applicable statutes of limitations until the Settlement Amount is paid in full.

D. In the event that any federal, state and local taxing authority or court determines that taxes, interest, penalties or other monies are due by Plaintiff as a result of the payment of the Settlement Amount, said taxes, interest, penalties or other monies shall be the sole obligation and liability of Plaintiff, who agrees to hold harmless and to indemnify Defendants from any tax-related or other liability, including interest and penalties associated with Plaintiff's failure to pay any income taxes on the Settlement Amount. In this connection, Defendants and Plaintiff

6

expressly agree that should any taxing authority request information concerning any payments made to Plaintiff under this Agreement or render any assessment, decision, ruling or order concerning payments under this Agreement, the Party receiving such request, assessment, decision, ruling or order will notify the other Party to this Agreement prior to responding to, and within five (5) calendar days of the receipt of such request assessment, decision, ruling or order.

Notwithstanding the foregoing, Plaintiff shall not be responsible for any employer payroll taxes or other related taxes that are normally borne by employer. Additionally, Plaintiff shall only be required to indemnify the Defendants for any tax liability for which Plaintiff is found to be required to pay and that the Defendants paid on his behalf. And, Plaintiff shall only be required to indemnify the Defendants if he refuses to cooperate in any investigation or proceeding that is being conducted by a taxing authority such as the Internal Revenue Service or the New York State Department of Taxation and Finance, such that his failure to cooperate causes the Defendants to incur unnecessary costs and expenses associated with any such investigation or proceeding.

4. **Affirmations**: A. Other Claims: Other than in the instant action and the DOL Claim, Plaintiff has not filed, or caused to be filed, and presently is not a party to any claim, complaint, or action that is currently pending against Defendants in any forum. Plaintiff further affirms that, upon the payment of the consideration herein, and payment of those monies that have been determined to be owed to Plaintiff pursuant to the Order issued for the DOL Claim, he will have been paid or have received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and confirms that no other leave (paid or unpaid), compensation, wages, bonuses, commissions or benefits are due to him except as provided in this Agreement, (and waives and releases any claims thereto). Plaintiff further affirms

7

he has no known workplace injuries or occupational diseases other than those that may be of record in any previously filed Workers' Compensation claim.

B. <u>Medicare and/or Medicaid</u>: Plaintiff affirms that his claims against Defendants do not involve any injury, illness, incident or accident in which medical expenses were, or are expected to be, incurred. Accordingly, Plaintiff affirms that Medicare has no interest in the monetary consideration paid to Plaintiff under this Agreement. Plaintiff also affirms that, as of the date he has executed this Agreement, no conditional payments have been made to him by Medicare. Plaintiff agrees to indemnify and hold Defendants and their insurers harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Centers for Medicare and Medicaid Services ("CMS") for any Medicare reimbursement obligation that may arise from the monetary consideration paid to Plaintiff under this Agreement. Plaintiff further agrees to: (i) reasonably cooperate with Defendants and their insurers upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which Plaintiff is required to indemnify Defendants under this paragraph, and (ii) waives any and all future actions against Defendants and their insurers for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A). Plaintiff further represents that no Medicaid payments have been made to or on behalf of Plaintiff arising from or related to any of the allegations set forth in this Lawsuit, and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any such claims. Plaintiff further agrees that he shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

8

Case 7:21-cv-10396-NSR   Document 26   Filed 05/23/22   Page 9 of 11

C. <u>Execution</u>: The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants, and is deemed to have been mutually drafted by Plaintiff's and Defendants' counsel. The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel. Based upon advice of counsel and his own understanding, Plaintiff hereby confirms that he fully understands that this Agreement settles, bars and waives any and all allegations and causes of actions alleged in the Lawsuit against Defendants as of the date of the execution of the Agreement.

D. Defendants represent that they have consulted with their accountant and/or other professional advisors concerning the wages paid to Plaintiff and the reporting thereof. And based on their professional advice, the Defendants have formed a good faith belief that Plaintiff has been paid properly paid throughout his tenure of employment with Defendants and that the Defendants properly reported Plaintiff's earnings during such time. Defendants further represent that no edits amendments, or other modifications concerning the reporting of Plaintiff's earnings is necessary or required. This representation is a materially inducement to Plaintiff entering into this Agreement.

5. <u>Non-Admission of Wrongdoing</u>. Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, as an admission by either party of any liability or unlawful conduct of any kind.

6. <u>Fees, Costs and Disbursements</u>. Each party shall bear its own attorneys' fees, costs and disbursements, except as otherwise stated in Paragraph "2."

7. <u>Section Headings</u>: Section headings are used herein for convenience of reference only and do not affect the meaning of any provision of this Agreement.

8. **Entire Agreement**: This Agreement (which incorporates as covenants the representations and clauses in the introductory "Whereas" clauses), represents the complete understanding between Plaintiff and Defendants. No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only by a written document, signed by Plaintiff and by Defendants or their respective legally designated representatives, which recites the specific intent to modify this Agreement. This Agreement is made in New York and shall be interpreted under the laws of said State. The language shall be construed as a whole according to its fair meaning and not strictly for or against any of the parties. The Parties expressly consent that any action or proceeding relating to the enforcement of this Agreement will only be brought in a court located in the State of New York, in the County of Westchester. The Parties expressly waive their right to bring any such action or proceeding in any other jurisdiction. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, and such provision cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. However, if any portion of the release language herein language is ruled to be unenforceable for any reason by a court of competent jurisdiction in an action commenced by Plaintiff or by any other person on behalf of Plaintiff, then Plaintiff shall take all reasonable steps to execute a modified release that provides the Defendants with the broadest release of claims permitted by law, but only for claims arising prior to the execution date of this Agreement.

9. **Capability to Waive Claims**: Plaintiff expressly represents that he is able to affect a knowing and voluntary waiver and general release of all claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs or

10

other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and to waive any and all claims against Defendants alleged in the Lawsuit. Plaintiff certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle this case and to waive all claims he has against Defendant alleged in the Lawsuit.

10. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. This Agreement will not become enforceable until executed by Plaintiff and Defendants, delivered to all parties, and approved by the Court. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail, including but not limited to .PDF electronic versions transmitted via email, shall have the same effect as the original signature.

Plaintiff does not assert and will not assert any age discrimination claims. The parties knowingly and voluntarily sign this Negotiated Settlement Agreement as of the date(s) set forth below:

Dated: 5-17, 2022     By: _____
                           JOAQUIN MARTORELL, Plaintiff

Dated: May 16, 2022   By: _____ president
                           ALL COUNTY SEWER & DRAIN, INC.,
                           Defendant, by: Daniel McNally, Pres.

Dated: May 16, 2022   By: _____
                           DANIEL McNALLY, Individually, Defendant

Dated: May 23, 2022
White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

11